UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ZPots LLC

      Plaintiff

          versus                         COMPLAINT

Home Essentials & Beyond, Inc.

      Defendant

_____

Plaintiff ZPots LLC, by counsel Paul C. Rapp, Esq. allege as follows:

1. This is an action for trade mark and trade dress infringement and for unfair trade practices.

2. Plaintiff ZPots LLC. is a Vermont limited liability company with a principal place of business in Brookline, VT.  Plaintiff is in the business of creating, marketing, and selling original works of pottery.

3. Defendant Home Essentials & Beyond, Inc. is a New York corporation with a principal place of business in Edison, NJ.

4. This Court has jurisdiction over this matter pursuant to 28 USC 1338 because this action arises under the federal Lanham Act and also pursuant to 28 USC 1332 because the parties are domiciled in different states and the amount at issue is likely exceeds $75,000.

5. Venue is proper in this judicial district because the Defendant is a New York corporation and maintains a place of business in Manhattan.

6. Plaintiff has, since 2006, manufactured, marketed and sold distinctive ceramic mugs inscribed with hand-written messages, including "A Cup of Love", "A Cup of Joy", A Cup of Happy", "A Cup of Beautiful', and "A Cup of Happy".  Plaintiff has sold thousands of these mugs from its store in Vermont, through hundreds of retail stores across the country, and through online and paper catalog retailers such as The Sundance Catalog, Artful Home, and Uncommon Goods.  The mugs have been featured in local, regional, and national media, including Oprah Winfrey's "O Magazine."

7. Because of these extensive sales and catalog exposure Plaintiff's mugs have acquired secondary meaning and inherent distinctiveness in the United States marketplace.

8. Plaintiff is the owner of United States Trademark registrations 5243192 and 5243191 for "A Cup of Peace" and "A Cup of Love" respectively, for "cups and mugs; Coffee cups, tea cups and mugs."

9. Plaintiff has recently discovered that Defendant Home Essentials & Beyond has been selling knock-off mass-produced low quality versions of Plaintiff's distinctive mugs.  Defendant bought one of Plaintiff's mugs and made a cast of it, and used that cast to mass-produce the knock-off mugs. One of Plaintiff's potter's thumb indentations is visible on Defendant's knock-off mugs.

10. Defendant Home Essentials & Beyond further incorporated Plaintiff's "A Cup of…" motif, copying Plaintiff's artist's handwriting and style, in knock-off mugs using the

phrases "A Cup of Hope", "A Cup of Love", "A Cup of Beauty" and "A Cup of Happiness".

11. Defendant Home Essentials & Beyond knock-off mugs are identical in the size and shape of the mugs, in the imperfections in the bodies of the mugs, in the glaze colors and texture, and in the handwriting style, placement, and embellishment of the words "A Cup of (Hope, Love, Beauty, Happiness) on the mugs (See exhibit to Complaint. Plaintiff's mug is on the left; Defendant's mug is on the right). The overall image of the mugs is identical. Defendant Home Essentials & Beyond further mimics Plaintiff's marketing of a series of "A Cup of…" cups.

12. Defendant's actions in pirating Plaintiff's mugs was intentional and in blatant disregard of Plaintiff's intellectual property rights.

13. Defendant Home Essentials & Beyond has sold the knock-off mugs on a wholesale basis to retailers at its showroom locations, (including at its showroom in Manhattan), via catalogs, and at trade shows.

14. By selling to retailers, Defendant Home Essentials & Beyond is putting its knock-off mugs into the exact channels of trade utilized by Plaintiff in Plaintiff's marketing and sales of its original "A Cup of" mugs.

CLAIM ONE

15. Plaintiff realleges paragraphs 1 through 14.

16. Defendants' actions in copying, marketing and selling knock-offs of Plaintiff's "Cup of" mugs constitutes trademark infringement of Plaintiff's registered trademarks pursuant to 15 USC 1114 *et seq.*

CLAIM TWO

3

17.  Plaintiff realleges paragraphs 1 through 16.

18.  Defendant's actions in manufacturing, marketing and selling knock-offs of Plaintiff's "A Cup of" mugs constitutes trade dress infringement pursuant to 15 USC 1125.

CLAIM THREE

19.  Plaintiff realleges paragraphs 1 through 18.

20.  Defendant's actions in copying, manufacturing, marketing and selling knock-offs of Plaintiff's "Cup of" mugs constitute unfair trade practices pursuant to NY General Business Law 349.

Therefore, Plaintiff is entitled to an accounting of all profits garnered by Defendant's sales of the knock-off mugs, treble damages, costs and attorneys fees, injunctive relief in the form of an order barring Defendants from continuing to manufacture, market, and sell knock-offs of Plaintiff's "A Cup of" mugs, and an order providing for the recall of all infringing cups from retailers and the destruction of all infringing goods.

October 8, 2018


/s/ Paul C. Rapp, Esq.
Paul C Rapp, Esq. (PR7987)
Attorney for Plaintiff ZCups LLC
PO Box 366
Monterey, MA  01245

413.553.3189
paul@paulrapp.com